IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | § | |
| OF THE TUG JB BLOOMER, LLC, | § | |
| SAN JACINTO RIVER FLEET, LLC AND | § | |
| CHERYL K, LLC AS OWNER AND | § | |
| OWNERS *PRO HAC VICE* | § | |
| OF THE TUG JB BLOOMER AND | § | C.A. NO. 4:20-cv-965 |
| THE TUG CHERYL K, LLC, | § | |
| SAN JACINTO RIVER FLEET, LLC AND | § | |
| CHERYL K, LLC AS OWNER AND | § | |
| OWNERS *PRO HAC VICE* | § | |
| OF THE TUG CHERYL K | § | |
| FOR EXONERATION FROM OR | § | |
| LIMITATION OF LIABILITY | § | (ADMIRALTY) |

**VERIFIED COMPLAINT FOR EXONERATION FROM
OR LIMITATION OF LIABILITY**

COME NOW The Tug JB Bloomer, LLC, Cheryl K, LLC and San Jacinto River Fleet, LLC, as owner, operators/managers and/or owners *pro hac vice* of the *JB Bloomer* (hereinafter sometimes collectively referred to as "the JB Bloomer Petitioners"); and, The Tug Cheryl K, LLC, Cheryl K, LLC and San Jacinto River Fleet, LLC, as owner, operators/managers and/or owners *pro hac vice* of the *Cheryl K* (hereinafter sometimes collectively referred to as "the Cheryl K Petitioners") seeking exoneration from or limitation of liability pursuant to the Shipowner's Limitation of Liability Act, 46 U.S.C. §§ 30501, et seq. ("the Act") and Supplemental Rule F of the Supplemental Rules for Admiralty or Maritime Claims & Asset Forfeiture Actions ("Supplemental Admiralty Rules") and respectfully show the following:

**I.   Jurisdiction**

1.   This case is within the admiralty and maritime jurisdiction of this Court pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.

## II. Venue

2.  Venue is proper in this Court under Supplemental Admiralty Rule F(9) because:

    a.  A lawsuit has been filed against San Jacinto River Fleet, LLC in Harris County, Texas, for claims from which Petitioners seek exoneration from or limitation of liability. That suit is pending as Cause No. 2020-10015 in the 270th Judicial District Court of Harris County, Texas, and is styled *Phillip Abbott, et al. vs. San Jacinto River Fleet, LLC*.

    b.  A lawsuit has also been filed against Cheryl K, LLC and San Jancinto River Fleet, LLC in the United States District Court for the Southern District of Texas – Houston Division for claims from which Petitioners seek exoneration from or limitation of liability. That suit is pending as Cause No. 4:20-cv-00868 and is styled as The Texas Department of Transportation v. Canal Barge Co., Inc., Ingram Barge Co., Cheryl K, LLC, San Jacinto River Fleet, LLC.

## III. Petitioners

3.  At the time of the events which underlie this claim for exoneration from or limitation of liability, as well as two above referenced lawsuits:

    a.  The Tug Cheryl K, LLC was a business entity organized and existing under the laws of Texas with its registered office located in Harris County, Texas. As the registered owner of the *Cheryl K*, The Tug Cheryl K, LLC is entitled to bring this action under the Act.

    b.  The Tug JB Bloomer, LLC was a business entity organized and existing under the laws of Texas with its registered office located in Harris County, Texas. As the registered owner of the *JB Bloomer*, The Tug JB Bloomer, LLC is entitled to bring this action under the Act.

    c.  Cheryl K, LLC was a business entity organized and existing under the laws of Texas with its registered office located in Harris County, Texas. As the operator/manager and employer of the crews of the *Cheryl K* and *JB Bloomer*, Cheryl K, LLC is an owner *pro hac vice* and entitled to bring this action under the Act.

    d.  San Jacinto River Fleet, LLC was a business entity organized and existing under the laws of Texas with its registered office located in Harris County, Texas. As the operator/manager of the *Cheryl K* and *JB Bloomer*, San Jacinto River Fleet, LLC is an owner *pro hac vice* and entitled to bring this action under the Act.

### IV. The JB Bloomer and the JB Bloomer Petitioners' Limitation Fund

4. The *JB Bloomer* is a twin screw retractable pilothouse pushboat built in 1970 (redesigned/reconditioned in 2018) and bearing Official Number 8987448.

5. To the best of the JB Bloomer Petitioners' knowledge, information and belief, no warrant of arrest or any other process of any court has been issued for the *JB Bloomer* and the vessel has not been and is not presently under seizure as a result of any claims or demands.

6. As shown in the Declarations of Value and Pending Freight, attached hereto as Exhibits A and B respectively and incorporated herein by reference for all purposes, at the time of the breakaway of a tier of nine (9) barges from the San Jacinto River Fleet north of the I-10 Bridge over the San Jacinto River during Tropical Storm Imelda on September 19, 2019:

   a. the *JB Bloomer* and all its appurtenances, excluding pending freight, was valued at approximately USD $1,420,000.00 (ONE MILLION FOUR HUNDRED TWENTY THOUSAND AND 00/100 U.S. DOLLARS); and,

   b. the value of the pending freight for the *JB Bloomer* was approximately USD $1,975.00 (ONE THOUSAND NINE HUNDRED SEVENTY FIVE AND 00/100 U.S. DOLLARS).

7. Contemporaneous with this filing, the JB Bloomer Petitioners file their *Ad Interim* Stipulation for an amount equal to the value of their interest in the *JB Bloomer* and its "pending freight" plus interest thereon at the rate set forth in Rule F. The *Ad Interim* Stipulation is to stand in the place of a stipulation for value if the amount thereof is not contested by any claimant herein.

### V. The Cheryl K and the Cheryl K Petitioners' Limitation Fund

8. The *Cheryl K* is a twin screw retractable pilothouse pushboat built in 1985 and bearing Official Number 686919.

9. To the best of the Cheryl K Petitioners' knowledge, information and belief, no

warrant of arrest or any other process of any court has been issued for the *Cheryl K* and the vessel has not been and is not presently under seizure as a result of any claims or demands.

10. As shown in the Declarations of Value and Pending Freight, attached hereto as Exhibit C and D respectfully and incorporated herein by reference for all purposes, at the time of the breakaway of a tier of nine (9) barges from the San Jacinto River Fleet north of the I-10 Bridge over the San Jacinto River during Tropical Storm Imelda on September 19, 2019:

    a. the *Cheryl K* and all its appurtenances, excluding pending freight, was valued at approximately USD $670,000.00 (SIX HUNDRED SEVENTY THOUSAND AND 00/100 U.S. DOLLARS); and,

    b. the value of the pending freight for the *Cheryl K* was approximately USD $3,850.00 (THREE THOUSAND EIGHT HUNDRED FIFTY AND 00/100 U.S. DOLLARS).

11. Contemporaneous with this filing, the Cheryl K Petitioners file their *Ad Interim* Stipulation for an amount equal to the value of their interest in the *Cheryl K* and its "pending freight" plus interest thereon at the rate set forth in Rule F. The *Ad Interim* Stipulation is to stand in the place of a stipulation for value if the amount thereof is not contested by any claimant herein.

### VI. The Incident

12. On September 19, 2019, the *JB Bloomer* and *Cheryl K* were involved in providing towage and fleeting services to Canal Barge Company, Inc. and Ingram Barge Company, LLC on the navigable waters of the San Jacinto River in the San Jacinto River Fleet fleeting area in Harris County, Texas. On the evening of September 19, 2019, the *JB Bloomer* and *Cheryl K* were involved in attempting to contain and control the aforementioned barge breakaway, which was the result of an unprecedented increase in water depth and current speed over a short period of time due to the heavy rain and widespread flooding occasioned by Tropical Storm Imelda.

Two of the barges eventually struck the I-10 Bridge over the San Jacinto River causing damage to the bridge and barges. Allegations of additional damages have also been made regarding damage to other barges involved in the breakaway, as well as to certain downriver facilities. These claims for exoneration from or limitation of liability relate to all such claims, as well as any others arising out of the voyages of the *JB Bloomer* and *Cheryl K* then underway.

### VII.   Claim for Limitation

13. The JB Bloomer and Cheryl K Petitioners now seek exoneration from or, alternatively, limitation of their liability as provided by the Act and any acts, regulations, or rules that supplement the Act, including Supplemental Admiralty Rule F for any and all claims arising out of the aforementioned barge breakaway on September 19, 2019, or otherwise arising out of the voyages of the *JB Bloomer* and the *Cheryl K* on September 19-20, 2019.

14. Pursuant to Rule F(1) of the Supplemental Rules for Admiralty and Maritime Claims, an action for limitation must be filed within six (6) months of Petitioners' first written notice of any claim. In this case, this action is being filed within six months of the alleged incident and, accordingly, is timely filed.

15. The incident described above and any damages claimed as a result thereof were in no way caused or contributed to by any fault, neglect or want of due care on the part of Petitioners.

16. At the time of the incident which forms the basis of this suit, the JB Bloomer Petitioners used due diligence to make and maintain the *JB Bloomer* in all respects seaworthy, and the *JB Bloomer* was, in fact, at all times material hereto, tight, staunch, strong, and fully and properly equipped and supplied, and in all other respects seaworthy and fit for the service in which it was engaged.

17. At the time of the incident which forms the basis of this suit, the Cheryl K Petitioners used due diligence to make and maintain the *Cheryl K* in all respects seaworthy, and the *Cheryl K* was, in fact, at all times material hereto, tight, staunch, strong, and fully and properly equipped and supplied, and in all other respects seaworthy and fit for the service in which it was engaged.

18. The incident described above and any damages claimed as a result thereof occurred without the fault, privity or knowledge of Petitioners.

19. Petitioners desire to contest their respective liabilities and the liability of the *JB Bloomer* and *Cheryl K* for any claims made and/or that may be made against them as they have valid defenses in fact and in law thereto. Petitioners further claim the benefits of the Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.* and Rule F of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, any and all Acts of the Congress of the United States amendatory thereof or supplementary thereto, and the rules of practice of this Court and the Supreme Court of the United States.

20. All and singular, the above premises of this Complaint are true and correct and within the jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, The Tug JB Bloomer, LLC, Cheryl K, LLC and San Jacinto River Fleet, LLC, as owner, operators/managers and/or owners *pro hac vice* of the *JB Bloomer*; and, The Tug Cheryl K, LLC, Cheryl K, LLC and San Jacinto River Fleet, LLC, as owner, operators/managers and/or owners *pro hac vice* of the *Cheryl K*, pray that:

1. upon the filing of the *Ad Interim* Stipulation in the amount of $1,421,975.00 (ONE MILLION FOUR HUNDRED TWENTY ONE THOUSAND NINE HUNDRED SEVENTY FIVE AND NO/100s DOLLARS) on behalf of the JB Bloomer Petitioners and the *Ad Interim* Stipulation in the amount of $673,850.00

      (SIX HUNDRED SEVENTY THREE THOUSAND EIGHT HUNDRED FIFTY AND NO/100s DOLLARS) on behalf of the Cheryl K Petitioners, the Court, in accordance with the Federal Rules, shall cause a Monition to be issued to all persons asserting claims in the respect to which The Tug JB Bloomer, LLC, The Tug Cheryl K, LLC, Cheryl K, LLC and San Jacinto River Fleet, LLC ("Petitioners") seek limitation, citing them to file their respective claims with the Clerk of this Court and serve them on or before the date to be named in said Monition or be forever barred and permanently enjoined from making and filing any such claims;

2. the Court, upon filing of the *Ad Interim* Stipulations, issue an injunction restraining the filing, commencement, and further prosecution in any court whatsoever and all suits, actions, and legal proceedings of any nature or kind whatsoever against the Petitioners, the *JB Bloomer*, the *Cheryl K* and/or their underwriters, and/or their insurers, whether *in personam* or *in rem*;

3. if any claimant, who shall file its claim under oath, files an exception controverting the value of the *JB Bloomer* and/or the *Cheryl K* in their then respective conditions as alleged herein, or to the amount of the *Ad Interim* Stipulations, the Court shall cause due appraisal to be made of the value of the *JB Bloomer* and/or the *Cheryl K* and their freight earned, if any, during the time referred to in the Complaint, and the value of Petitioners' interest therein; and, in the event said appraised values exceed the limitation fund or security filed with the Court, that this Honorable Court enter an Order for the giving of security in the same amount pursuant to the Supplemental Rules of the Federal Rules of Civil Procedure;

4. the Court adjudge that Petitioners are not liable to any extent whatsoever for any losses, damages, or injuries, and for any claims arising in consequence of the matters, happenings and events stated in this Complaint, and exonerate Petitioners from liability therefor;

5. in the alternative:
   a) if this Court should adjudge that the JB Bloomer Petitioners are liable in any amount whatsoever, the Court adjudge said liability as limited to the value or amounts of interests of the JB Bloomer Petitioners in the *JB Bloomer* and its pending freight, if any; that the monies paid or ordered to be paid may be divided pro rata among such claimants as may prove their claims, saving to all parties the priority to which they may be entitled; and, that a decree be entered discharging the JB Bloomer Petitioners from all other liabilities; and

   b) if this Court should adjudge that the Cheryl K Petitioners are liable in any amount whatsoever, the Court adjudge said liability as limited to the value or amounts of interests of the Cheryl K Petitioners in the *Cheryl K* and its pending freight, if any; that the monies paid or ordered to be paid may be

   divided pro rata among such claimants as may prove their claims, saving to all parties the priority to which they may be entitled; and, that a decree be entered discharging the Cheryl K Petitioners from all other liabilities; and,

6.  that Petitioners have such other and further relief as they may be entitled at law, in equity or in admiralty, including the right to supplement and amend these pleadings in order to achieve justice.

   Respectfully submitted,

   EASTHAM, WATSON, DALE & FORNEY, L.L.P.

   */s/ Robert L. Klawetter*
   Robert L. Klawetter
   Federal I.D. 2471
   State Bar No. 11554700
   klawetter@easthamlaw.com
   Christina K. Schovajsa
   Federal I.D. 25142
   State Bar No. 24002910
   schovajsa@easthamlaw.com
   The Niels Esperson Building
   808 Travis Street, Suite 1300
   Houston, TX 77002
   Telephone: (713) 225-0905
   Facsimile: (713) 225-2907

   *Attorneys for Petitioners,*
   *The Tug JB Bloomer, LLC,*
   *The Tug Cheryl K, LLC,*
   *Cheryl K, LLC and*
   *San Jacinto River Fleet, LLC*

## VERIFICATION

| | |
|---|---|
| STATE OF TEXAS § | |
| § | KNOW ALL MEN BY THESE PRESENTS: |
| COUNTY OF HARRIS § | |

BEFORE ME, the undersigned authority, on this day did personally appear Robert L. Klawetter, known to me to be the person executing this affidavit and upon having been duly sworn upon his oath did depose and state as follows:

1. My name is Robert L. Klawetter. I am over 18 years of age, of sound mind and have never been convicted of a felony or crime involving moral turpitude. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. I am counsel of record for The Tug JB Bloomer, LLC, The Tug Cheryl K, LLC, Cheryl K, LLC and San Jacinto River Fleet, LLC in the action to be filed in the Southern District of Texas, Houston Division, styled *In the Matter of the Complaint of The Tug JB Bloomer, LLC, Cheryl K, LLC and San Jacinto River Fleet, LLC, as owner and owners pro hac vice of the Tug JB Bloomer and The Tug Cheryl K, LLC, San Jacinto River Fleet, LLC and Cheryl K, LLC as owner and owners pro hac vice of the Tug Cheryl K, for Exoneration from or Limitation of Liability.*

3. I have read the Complaint for Exoneration from or Limitation of Liability with which this Verification is filed, and certify that the facts contained therein are true and correct based upon my personal knowledge and/or best information and belief. The sources of my information and the grounds for my belief as to all matters stated herein are documents of and communications with said corporations and/or their employees.

Further Affiant sayeth not.

By: _____
Robert L. Klawetter

GIVEN UNDER my hand and official seal of office this 16 day of March 2020.

MELANIE LYNN FLORES
Notary Public, State of Texas
Comm. Expires 10-17-2020
Notary ID 130864064

_____
Notary Public in and for The State of Texas
My Commission Expires: 10/17/2020

23,512♦0PMLF3106